UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EFFREM RILEY,

        Movant,

                                                        Case No. 1:16-CV-538

v.

                                                        HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

        Respondent.

_____/

**<u>OPINION</u>**

Before the Court is Movant Effrem Riley's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 1.) The Government has filed a response (ECF No. 4) and Movant has filed a motion to amend his motion under § 2255 (ECF No. 5), which the Court construes as a motion to supplement. For the reasons that follow, both motions will be denied.

**I.**

In 2009, Movant pleaded guilty to possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A). (Plea Agreement, *United States v. Riley*, No. 1:08-cr-337 (W.D. Mich.), ECF No. 15.) The Court sentenced him to a term of 240 months in prison followed by 10 years of supervised release. Movant's range of sentence under the Sentencing Guidelines (262 to 327 months) was enhanced by the career-offender provision in § 4B1.1 of the Guidelines because he had two prior convictions for a controlled substance offense. However, the Court granted Movant's motion for a downward variance and issued a sentence below

this range. Movant appealed his sentence, and the Court's judgment was affirmed by the Court of Appeals on March 3, 2011.

In his initial motion under § 2255, Movant asserts the following grounds for relief: (1) ineffective assistance of counsel at the plea stage; (2) the Court improperly determined that he is a repeat offender under 21 U.S.C. § 851 and a career offender under the Sentencing Guidelines for the same prior conviction; (3) he is entitled to the benefit of Amendment 782 to the Sentencing Guidelines; and (4) his sentence is unconstitutional because the Sentencing Guidelines treated one gram of cocaine base as equivalent to 100 grams of cocaine.

In his motion to supplement, Movant claims that he does not qualify as a career offender under the Guidelines because at least one of his two prior convictions does not qualify as a controlled substance offense, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 126 S. Ct. 2243 (2016).

## II.

Respondent asserts that Movant's claims are barred by the statute of limitations. The Court agrees. The applicable limitation period runs from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f).

In this case, as in most cases, the one-year statute of limitations ran from the date on which the judgment of conviction became final. Where, as here, a defendant pursues a direct appeal but does not petition the United States Supreme Court for a writ of certiorari, the judgment becomes final when the time expires for filing a petition for a writ of certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). Such a petition is timely when it is filed within 90 days after entry of the appellate court's judgment. Sup. Ct. R. 13(3). In this case, the Court of Appeals' decision issued on March 3, 2011. Consequently, the statute of limitations started to run 90 days from that date, on June 1, 2011. Movant had one year from June 1, 2011 to file his motion. He filed on May 17, 2016, long after the limitations period expired.

In his motion to supplement, Movant suggests that his request for relief under § 2255 is timely due to recent Supreme Court cases construing the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e): *Johnson* and *Mathis*. 28 U.S.C. § 2255(f)(3) starts the statute of limitations on the "date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" *Id. Johnson* and *Mathis* are not helpful for Movant. Neither of them recognized a new right with respect to the Sentencing Guidelines. Indeed, the Supreme Court recently held that the vagueness analysis in *Johnson* does not apply to the advisory Sentencing Guidelines. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Moreover, in *Mathis*, the Supreme Court did not recognize a new right at all. Instead, it applied its longstanding rule that "application of the ACCA involves, and involves only, comparing elements." *Mathis*, 136 S. Ct. at 2257. Rather than announce a new right, the Supreme Court explained that "the elements-based approach remains the law." *Id.* Thus, § 2255(f)(3) does not apply.

Insofar as Movant seeks the benefit of Amendment 782 to the Guidelines, which went into effect in 2014, his claim is meritless. For reasons discussed in an opinion and order entered in his criminal case, Movant does not qualify for a reduction under Amendment 782 because his range of sentence was determined by his status as a career offender, not by the drug quantities altered by Amendment 782. (*See* Mem. Op. & Order, *United States v. Riley*, 1:09-cr-337 (W.D. Mich. Feb. 3, 2015), ECF No. 50.)

The one-year statute of limitations in § 2255(f) is subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011). "[A] habeas petitioner is entitled to equitable tolling only if the petitioner shows that (1) 'he has been pursuing his rights diligently,' and (2) that 'some extraordinary circumstance stood in his way and prevented timely filing.'" *Johnson v. United States*, 457 F. App'x 462, 469 (6th Cir. 2012) (quoting *Hall*, 662 F.3d at 749). Movant has not offered any basis for equitable tolling. In his motion under § 2255, he contends that he did not raise some of his claims on appeal because he was ignorant of the law. Assuming he asserts the same excuse for failing to file a timely motion under § 2255, this excuse is not sufficient. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("[T]his court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Delo*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, Movant's claims are meritless or barred by the statute of limitations.

### III.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied. The motion to supplement will also be denied because the claims raised therein are meritless or untimely. In addition, a certificate of appealability

will be denied because reasonable jurists would not conclude that this Court's decision to deny relief under § 2255 is "debatable or incorrect." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

  An order and judgment will enter consistent with this Opinion.


Dated:   July 27, 2017      /s/ Robert J. Jonker
                ROBERT J. JONKER
                CHIEF UNITED STATES DISTRICT JUDGE